
## ORDER

PER CURIAM.

AND NOW, this 23rd day of June, 2010, the Petition for Allowance of Appeal is GRANTED, LIMITED to the issue set forth below. Allocatur is DENIED as to the remaining issue. The question, as framed by Petitioner, is as follows:

> Should the question of whether a defendant who confronts multiple individuals, yet commits a single theft, be convicted of multiple counts of Robbery be reviewed by this Honorable Court, and if so reviewed, should [Petitioner's] sentences in this case merge?

GRANTED. The issue, as stated by Petitioner, is:

> Whether Petitioner's traffic court convictions in 2007 for violations of 75 Pa. C.S. § 1543(b)(1) and other summary offenses under the Vehicle Code, based on incidents which occurred on August 31, 2004, September 6, 2004 and September 13, 2004, were barred by the two-year limitation period provided by 42 Pa.C.S. § 5553(e) at the time of the offenses at issue?

Justice ORIE MELVIN did not participate in the consideration or decision of this matter.

■

**COMMONWEALTH of Pennsylvania,**
**Respondent**

v.

**John LYNCH, Petitioner.**

Supreme Court of Pennsylvania.

June 23, 2010.

## ORDER

PER CURIAM.

AND NOW, this 23rd day of June, 2010, the Petition for Allowance of Appeal is

■

**RITTENHOUSE PLAZA, INC.**

v.

**Joan LICHTMAN**

v.

**Marvin Levin, CPA, Stanton Oswald, Esq., Mary Duden, William Lederer, E. Gerald Riesenbach, Esq., Jon Sirlin, Esq., Dana Plon, Esq., Peter Lesser, Esq.**

**Petition of Joan Lichtman.**

**No. 33 EM 2010.**

Supreme Court of Pennsylvania.

June 23, 2010.

## ORDER

PER CURIAM.

**AND NOW,** this 23rd day of June, 2010, the Petition for Allowance of Appeal, the Motion for Consolidation, and the "Appli-